IN THE

# SUPREME COURT

OF

# NEW JERSEY,

## NOVEMBER TERM, 1793.

---

[178] ARMSTRONG, VOORHEES AND FLAGG, PLAINTIFFS IN
ERROR, v. HALL.

*Fraud, in obtaining a specialty, may be given in evidence on the general issue, in an action of debt, and is a good bar to the suit.*

---

This was error from the Court of Common Pleas of Somerset county. The circumstances attending it are so fully stated in the opinion of the Chief Justice as to preclude the necessity of detailing them here.

KINSEY, C. J. This case comes before the court upon a writ of error to the Common Pleas of Somerset county. By the bill of exceptions taken below, and the record, it appears that Hall, the plaintiff below, brought an action of debt against Armstrong, Voorhees and Flagg, upon two sealed bills, for the payment of money, to which the defendants below pleaded *nil debet.*

At the trial of the cause, the defendants offered to prove that Armstrong, one of them, bought a horse of Hall, for which he promised to pay in iron. Hall called on Voorhees and Flagg, to know whether they would take the iron, which they agreed to do, and to pay for it on delivery. Hall then requested them to sign the bills, which they declined, alleg-

207

ing their entire ignorance of the character and circumstances of Armstrong, and that it would be unsafe in them to bind themselves to pay the money until they were certain of the delivery of the iron. Hall assured them that he was well acquainted with Armstrong, knew him to be a man of character and in solvent circumstances, and that no money should be required on the bills until the actual delivery of the iron. They signed the bills in consequence of these representations. It further appears that no iron has been delivered; that Hall at the time knew Armstrong to be insolvent; that since the execution of the bills he has repeatedly acknowledged this to be the agreement, and that Voorhees and Flagg were not liable for the money.

This evidence the court below refused to admit. A bill of exceptions was taken and allowed, and we are now to determine whether it was admissible within the rules of law.

[179] Under the plea of *nil debet* in an action of debt, anything may be given in evidence which proves that the party does not owe the money. The objection in this case, however, arises from another principle of law, that parol evidence shall not be admitted to vary, contradict, or control a deed.

In most cases, plain fraud forms an exception to the rule, and the reason given by Lord Thurlow, in the case of *Shelburne* v. *Inchiquin*, 1 *Br. Ch. Rep.* 338, 350, is correct: "The moment you impeach a deed for fraud, you must either deny the effects of fraud on the deed, or you cannot but be under the necessity of admitting evidence to prove it." Indeed, on the principle contended for by the defendant in error, a bond obtained fairly, and one obtained by the grossest fraud, are equally good and available, and the obligee entitled to the same remedy on the one as on the other; and a court of law would be employed as an instrument of carrying fraud into effect.

In the case of *Pusley* v. *Freeman*, 3 *T. R.* 51, it is laid down that a false affirmation made by a man with intention to defraud the plaintiff, whereby the plaintiff actually re-

Armstrong, Voorhees and Flagg v. Hall.

ceives damage, is a ground for an action on the case in the nature of deceit, although the party making the false affirmation derives no advantage from it. If he was benefited, the case would be so much the stronger. If such a deception be a sufficient ground to sustain an action, I think it equally so as a ground of defence.

In an action of debt for rent, eviction may be given in evidence under the plea of *nil debet,* or any other matter tending to show that there is no money actually due.

In *Rockwood's case, Cro. El.* 164, one promised to pay the younger children of testator a certain sum out of the estate, and, in consequence of this promise, the estate was not charged with the payment, as testator had intended. It was held that this promise was sufficient to support an action of *assumpsit.*

Nor does it appear to me that the evidence in this case was liable to the objection that has been made to it. Its tendency was not to change the meaning of the written instruments, or to vary or contradict what appears on the face of them, [180] but to set up an agreement as the foundation on which they were made; a condition, on the performance of which, they were to be obligatory; and it comes within the distinction made by Sir John Strange, at the Rolls, in the case of *Pitcairn* v. *Ogburne,* 2 *Ves.* 375. According to that case, there is no difference between the rules of equity and law.

The facts occurred here previous to the execution of the instruments, and, therefore, according to the case of *Harvey* v. *Harvey, Fitzg.* 213, may be given in evidence. If the facts that are affirmed really occurred, and at this stage of the cause, this is the legal presumption, it is a case of clear fraud; the bills never had a legal existence.

Smith, J., coincided in opinion with the Chief Justice.

Chetwood, J. Had this evidence been admitted in the court below, it would certainly have been with the view of examining the consideration of the bills; and this court has

o

.determined that the consideration of a bond is not generally inquirable into. There are, unquestionably, some cases in which courts of justice have sanctioned an occasional departure from the strictness of this rule, but I do not find that this has ever been permitted, except where the instrument had been executed upon a wicked or an illegal consideration. Indeed, so cautious have courts been in adhering to the original rule, as Fortescue expresses himself, in the case of *Andrews* v. *Eaton, Fitzg.* 73, lest the fence between simple contracts and specialties should be broken down, " that a parol agreement can no more be set. up against a bond, than a parol defeasance against a single bill ;" that the reason why duress, infancy, coverture, &c., may be pleaded, is because, in those cases, the parties have not power nor capacity to enter into the obligation, wherefore, it is a mere nullity. And Eyre, Chief Justice in that case, also concurred in opinion, that a bond which had once taken effect as such, could not be defeated by the pleading of any matter *de hors ;* but anything that originally prevented its operating, might well be [181] pleaded, and therefore duress, coverture, infancy, &c., were good pleas. It was also said that the illegal consideration upon which the bond in that case had been originally given, viz., compounding a felony, prevented its ever taking effect; yet upon further consideration judgment was given by the whole court for the plaintiff. This case shows how extremely cautious the judges were at that day of going into the consideration of a solemn and sealed contract.

The case of *Collins* v. *Blantern,* 2 *Wils.* 347, seems, however, to have settled the law upon this point. The reason given by the court for admitting the plea in that case was, that the bond was void by the common law, *ab initio,* being given upon a contract to compound a prosecution of a perjury "to tempt a man to transgress the law, to do that which is injurious to the community," and therefore absolutely void.

But that where an obligation has been executed upon a contract, which the parties might legally enter into, but it afterwards appears that they were induced by deceit or frau-

dulent misrepresentations, it has been determined that the bond is void of itself, or that the party shall be permitted to set up a parol agreement, *dehors* the bond, and thus go into the consideration of the instrument in a court of common law, is a doctrine which I think not warranted by any legal authority ; and if it had been correct and agreeable to law, I cannot believe that the books would not have contained a case to support it. The proper remedy for the defendant in this case appears to me to be to apply to a Court of Chancery, or the more easy and less expensive common law remedy, by an action on the case in nature of a deceit.

The authorities in the books have such weight with me that I cannot feel myself justified in extending the liberty of inquiry into the consideration of a bond further than was done in the case of *Collins* v. *Blantern,* and particularly where it is offered in evidence under the plea of *nil debet,* which has more than once been solemnly adjudged in this court to be an ill plea in an action of debt on a sealed instrument.

[182] I therefore am of opinion that the court below were right in rejecting the evidence offered, and that their judgment be affirmed.

Judgment reversed.

CITED *in Stryker* v. *Vanderbilt,* 1 *Dutch.* 482.